IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:06CR49-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>LUIS CORCHO SUAREZ, )<br>                Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's "Appeal of Magistrate's Detention Order Request for Hearing" pursuant to 18 U.S.C. § 3145(b), filed November 14, 2006. (Doc. #19)

Defendant's original detention hearing was held on September 18, 2006 before United States Magistrate Judge David Keesler. At the conclusion of that hearing, Defendant was ordered detained. The Magistrate Judge noted that the Government had strong evidence against Defendant Suarez, including admissions made by his co-defendant. On October 17, 2006, Defendant moved for reconsideration. (Doc. #11) Defendant appeared before United States Magistrate Judge Carl Horn on November 6, 2006 and presented additional information (i.e., establishing ties to his Florida community) that tended to lessen the Government's concern that he may be a flight risk. Defendant was continued in custody because the Magistrate Judge found that the presumption of detention had not been rebutted.

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has listened to the audio recording of the original detention hearing, reviewed the transcript of the second hearing, and reviewed the original Pretrial Services Report, which recommended detention.

The Defendant is charged with conspiring to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §846 and possessing with intent to distribute the same quantity of cocaine, or aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Because the Grand Jury found that probable cause exists that Defendant committed an

1

offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

    (1)    the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
    (2)    the weight of the evidence against the person;
    (3)    the history and characteristics of the person, including —
        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g). Upon review of these factors, the Court agrees that bond is not appropriate. Defendant has not rebutted the presumption in this case in light of the nature and circumstances of the offenses charged (i.e., alleged modus operandi of transporting controlled substances between New York and Florida in vehicles with hidden compartments), the admissions of the passenger co-defendant, and his prior felony drug conviction from 1999.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Appeal of the Magistrate Judge's Detention Order is hereby **DENIED**. Defendant's motion for a hearing is likewise **DENIED**. Defendant shall remain in custody pending adjudication on the charged offenses.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: January 3, 2007

Richard L. Voorhees
United States District Judge